IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Lonnie Goodrich, | C/A No. 4:19-cv-3418-JFA |
| Petitioner, | |
| v. | **ORDER** |
| Warden Mackelburg, | |
| Respondent. | |

## I. INTRODUCTION

Petitioner Lonnie Goodrich ("Petitioner"), proceeding *pro se,* commenced this action by filing a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), the case was referred to a Magistrate Judge for initial review.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss this action because it plainly appears from the petition that Petitioner is not entitled to relief. (ECF No. 11). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

Petitioner was advised of his right to object to the Report, which was entered on the docket on February 5, 2020. (ECF No. 11). The Magistrate Judge required Petitioner to file objections by February 19, 2020, with an additional three days allowed for mailing. *Id.* Petitioner filed objections to the Report on February 20, 2020.[2] (ECF No. 17). Thus, this matter is ripe for review.

## II. STANDARD OF REVIEW

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus

---

[2] Petitioner's objections were entered on the docket on February 27, 2020, but are considered filed on February 20, 2020, as it appears from the mailing envelope that this is the day Petitioner presented the objections to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III. DISCUSSION

Within his § 2241 motion, Petitioner attempts to avail himself of the § 2255 savings clause[3] by asserting that, pursuant to *U.S. v. Wheeler*, 886 F.3d 415 (4th Cir. 2018) and after *Johnson v. United States*, 135 S. Ct. 2551 (2015), his second-degree Missouri burglary conviction no longer qualifies as a crime of violence under the advisory Sentencing Guidelines. (ECF No. 1, p. 8). Petitioner requests that his enhanced career offender sentence be vacated. (ECF No. 1, p. 9). In support of this contention, Petitioner

---

[3] The Fourth Circuit has held that if a petitioner cannot meet the savings clause requirements then the § 2241 petition "must be dismissed for lack of jurisdiction." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).

argues that the court in *U.S. v. Naylor*, 887 F.3d 397 (8th Cir. 2018) held that second-degree Missouri burglary is not a crime of violence under the Sentencing Guidelines. (ECF No. 1, p. 8).

In response to the Report, Petitioner asserts one cognizable objection. Petitioner states that he was "careered based on [his prior] second degree burglary in Missouri. Petitioner challenged his second degree burglary under Missouri Law [] because it does not qualify as a violent felonies in the case of Charles Naylor . . . ."[4] (ECF No. 16, p. 7).

Within this objection, Petitioner appears to take issue with the Magistrate Judge's conclusion that

> [t]he holding in *Naylor* does not affect Petitioner's sentence because Petitioner's career offender status and sentencing arose under the Sentencing Guidelines, not the ACCA. Petitioner was not sentenced under the ACCA as an armed career criminal. The Eighth Circuit Court of Appeals case, *United States v. Cantrell*, 530 F.3d 684, 695–96 (8th Cir. 2008) is the applicable case to Petitioner.
>
> (ECF No. 11, p. 4).

This objection, which appears to be a mere rehashing of Petitioner's initial attempt to circumvent the savings clause, ignores the portion of the Report which explains that Petitioner's arguments are invalid because the Missouri burglary charge was used to sentence him as career offender under the advisory Sentencing Guidelines — not the Armed Career Criminal Act ("ACCA"). Unlike the ACCA, the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause. *Beckles v. United States*, 137 S. Ct. 886, 895 (2017). Therefore, *Naylor*'s holding only affects

---

[4] Petitioner is believed to be citing to *U.S. v. Naylor*, 887 F.3d 397 (8th Cir. 2018).

qualification of Missouri second degree burglary convictions under the ACCA, not the Sentencing Guidelines.

Accordingly, the Magistrate Judge correctly concluded that

> [t]he holding in *Beckles* extinguishes Petitioner's argument that after *Johnson*, his burglary conviction no longer qualified as a crime of violence under the sentencing guidelines because *Beckles* distinguished the provisions of the Armed Career Criminal Act from the Sentencing Guidelines and concluded that the ruling in *Johnson* does not apply to Sentencing Guidelines provisions.

(ECF No. 11 p. 5).

Petitioner does not address this conclusion and fails to offer any authority to support his position to the contrary. Thus, Petitioner has failed to meet the savings clause because has not demonstrated that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his sentence thereby allowing him to file a § 2241 petition. *See U.S. v. Wheeler*, 886 F.3d 415 (4th Cir. 2018).

## IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation. (ECF No. 11). Thus, the Petition is dismissed without prejudice and without requiring the respondent to file a return because it plainly appears that Petitioner is not entitled to relief in the district court.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[5]

IT IS SO ORDERED.

March 2, 2020  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[5] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).